ABELARDO RUIZ MORALES, Plaintiff and Appellant, *v.* RAFAEL LICHA, Defendant and Appellee.

No. 9065. Argued March 23, 1945.—Decided April 10, 1945.

*Fernando Ruiz Suria* for appellant. *Font Frías & Valentín Esteves* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff herein leased, on June 1, 1944, certain premises located on the first floor of a house in San Juan which were divided into two portions by a partition. The former lessee had sublet one of the two subdivisions to the defendant herein. As soon as the plaintiff obtained his lease, he served notice thereof on the defendant and advised him that he could continue to occupy the subleased premises as theretofore, provided he agreed to pay rent at the monthly rate of $100 instead of $75 which he formerly paid.

In the action of unlawful detainer at sufferance, brought in the District Court of San Juan, it was alleged that the defendant expressly refused to accept the new conditions and continued to withhold possession of said premises without paying any rent or charge and without holding any contract of sublease with the plaintiff.

At the first hearing the defendant alleged that the complaint did not state facts sufficient to constitute a cause of action and, further, that the lower court lacked jurisdiction to take cognizance of the case. The defendant filed an answer in which he admitted that he held no contract with the plaintiff, that the latter had asked him to vacate the premises, and that he had refused to do so.

The lower court rendered judgment dismissing the complaint and imposing costs on the plaintiff, on the grounds (a) that "the person entitled to demand the dispossession is the lessor, that is, the owner or purchaser of the property or one who substitutes the owner unless he be a purchaser under an agreement to reconvey (*pacto de retro*)"; (b) that "a new lessee has no right of action to dispossess a subtenant of the former lessee"; (c) that § 1 of the Unlawful Detainer Act (§ 620, Code of Civil Procedure) does not grant to the new lessee the right of dispossession involved; and (d) that "the only direct action available to the lessee is the one provided by § 1450 as against a mere trespasser;

but we already know that a sublessee is not a mere trespasser but one who withholds possession under a claim of right.''

Although for different reasons than those urged by the plaintiff-appellant, we agree with the latter that the conclusions of law announced by the lower court are erroneous.

■■ Section 1450 of the Civil Code (1930 ed.), equivalent to § 1560 of the Spanish Civil Code, provides:

''Section 1450.—The lessor shall not be obliged to answer for the mere fact of a trespass made by a third person in the use of the estate leased but the lessee shall have a direct action against the trespasser.

''The fact of trespass does not exist if the third person, whether it be the administration or a private person, has acted by virtue of a right belonging to him.''

Section 1444 of our Civil Code, similarly as § 1554 of the Spanish Code, provides that it shall be the duty of the lessor ''to deliver to the lessee the thing which is the object of the contract'' and ''to maintain the lessee in the peaceful enjoyment of the lease during all the time of the contract.'' And Manresa (vol. 10, 2d ed., p. 521) says that ''the lessor must see that the enjoyment is not interrupted or disturbed, either by the acts of third persons, save in the case provided for in § 1560, or by his own acts.''

In his commentaries on § 1560 of the Spanish Code, which is identical with § 1450 of our code, Manresa says:

''Since the lessor is not liable for acts of mere trespass (*perturbaciones de mero hecho*), and since, notwithstanding this provision which is decidedly of an exceptional character, he must maintain the lessee in the peaceful enjoyment of the lease, it follows that he is undoubtedly liable for any other disturbance which is not an act of mere trespass; hence it is logical to infer the division of the acts of disturbance into *acts of mere trespass* and *acts of legal disturbance* (*actos de derecho*), a distinction which is important to bear in mind, for it gives rise to the principles that constitute the gist of the Section under discussion.

"What is to be understood by an act of mere trespass? And what by a legal disturbance (*perturbación de derecho*)?

"Section 1725 of the French Code provides that the lessor is not bound to guarantee the lessee against disturbances caused by third persons who hold no right in the thing leased, without prejudice to any claim which the lessee might make in his own behalf; and § 1726 provides that if, on the contrary, the tenant or lessee has been disturbed in the enjoyment of the lease by reason of an action relating to the ownership of the premises, he is entitled to a proportional reduction in the rental, after notice of the disturbance has been served on the landlord.

"*         *         *         *         *         *         *

"From the foregoing provisions it may be inferred that a disturbance caused by a person who holds no right in the thing leased (although he may hold such right in other things connected therewith) should be considered as an act of mere trespass, and that any other disturbance consisting in the bringing of an action which affects the ownership of the premises should be considered as a legal disturbance (*de derecho*).

"Referring to those provisions, Laurent says that what characterizes a legal disturbance is the fact that a third person claims or asserts that the thing leased does not belong to the lessor.

"*         *         *         *         *         *         *

"Further on, Laurent adopts the following distinctions made by Pothier: there is an act of mere trespass when the third persons who commit it claim no right in the estate, as for example, where they cause their herds to graze on the leased property without claiming that they are entitled thereto; a disturbance resulting from an action brought in the courts is a legal disturbance; and a legal disturbance also occurs, by way of exception, where upon the lessee suing the trespasser the latter sets up a claim of right with reference to the thing leased.

"*         *         *         *         *         *         *

"Ricci points out two requisites for making it incumbent on the lessee to take direct action against a trespasser: first, that the trespasser holds no right in the thing leased and, second, that he is not entitled to perform the act involving the molestation or disturbance. If either of these requisites is lacking, the disturbance is one of law (*de derecho*)."

(Manresa (2d ed.), vol. 10, pp. 564–67.)

If to the facts herein we apply the rule upheld by Manresa and by the commentators Laurent, Pothier, Pacifici Mazzoni, Ricci, and García Goyena, we must reach the unavoidable conclusion that the defendant is a mere trespasser against whom the plaintiff, as lessee, is entitled to bring the action granted to him by § 1450 of the Civil Code. The defendant admits that the plaintiff has been a lessee of the premises since June 1, 1944; that the plaintiff duly notified him of the lease, advising him at the same time of the conditions for the making of a new contract; that the defendant refused to accept those conditions and continued to withhold the possession of the premises, without having entered into any contract with the plaintiff and without paying any rent or charge therefor. The defendant has not set up any plea which might be considered as an attack upon the title of the lessor or as a claim of right in the real property involved. He admits that he has no right whatsoever to continue in the possession and employment of the premises occupied by him and confines his defense to the allegation that it is the owner of the property who can dispossess him and not the lessee.

Section 620 of the Code of Civil Procedure, 1933 ed. (§ 1, Unlawful Detainer Act), provides that "the action of unlawful detainer (*desahucio*) may be commenced by the owners of property, usufructuaries thereof, *or by any other person or persons entitled to the enjoyment of such property,* or by persons claiming under them." Since a contract of lease is one whereby one of the parties thereto binds himself to give to the other the enjoyment or use of a thing for a definite period and for a certain price (§ 1433, Civil Code), it is unquestionable that by virtue of said contract the lessee acquires the right to enjoy the property and to demand the eviction therefrom of all persons who, without holding any title to the possession of the premises, seek to continue occupying the same in violation of the right of the lessee.

■ The defendant in his brief has raised a jurisdictional question, upon which no pronouncement has been made by the lower court. He maintains that, as he is not a tenant at sufferance, and the rent which he paid to his former sublessor did not excede the yearly sum of $1,000, it is the municipal court, not the district court, which has jurisdiction to take cognizance of the case.

Since said jurisdictional question can not be determined without first hearing evidence on the respective allegations of the parties, we will leave the same open for consideration and decision by the lower court.

For the reasons stated, the judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.